People v Timko (2020 NY Slip Op 51571(U))

[*1]

People v Timko (Thomas)

2020 NY Slip Op 51571(U) [70 Misc 3d 133(A)]

Decided on December 31, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 31, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : BRUCE E. TOLBERT, J.P., THOMAS A. ADAMS, JERRY GARGUILO, JJ

2019-1040 W CR

The People of the State of New York,
Respondent,
against
Thomas Timko, Appellant. 

Michael S. Pollok, for appellant.
Westchester County District Attorney (Brian R. Pouliot of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Cortlandt, Westchester County
(Daniel F. McCarthy, J.), rendered June 13, 2019. The judgment convicted defendant, upon his
plea of guilty, of aggravated harassment in the second degree. The appeal brings up for review an
order of that court dated June 13, 2019 denying defendant's motion to dismiss the accusatory
instrument on facial insufficiency and statutory speedy trial grounds, or, in the alternative, to
permit defendant to withdraw his plea.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a misdemeanor information with a single count of aggravated
harassment in the second degree (Penal Law § 240.30 [1] [a]). On September 20, 2018,
defendant pleaded guilty to aggravated harassment in the second degree in exchange for a
sentence of two years' probation.
Defendant subsequently retained new counsel, who filed a motion to dismiss the accusatory
instrument on facial insufficiency and statutory speedy trial grounds, or, in the alternative, to
permit defendant to withdraw his plea on the theories that he "did not understand the nature and
consequences of pleading guilty . . . [and] there was an insufficient allocution and factual basis
for the plea." On June 13, 2019, the Justice Court denied defendant's motion in its entirety, and
then sentenced defendant to three years' probation, instead of the originally promised two
years.
On appeal, defendant asserts, first, that the single charge of aggravated harassment in the
second degree is facially insufficient as the factual allegations fail to aver, as the statute requires,
that he "communicate[d] a threat to cause physical harm" (see Penal Law § 240.30
[1] [a]). We disagree. The egregiousness of defendant's actions, as alleged in the information and
supporting deposition, allow for the reasonable inference of a communicated threat by defendant
to cause [*2]harm to the complainant should she continue to
rebuff his advances.
Assuming without deciding that defendant's statutory speedy trial claim is validly before this
court, it is without merit. The overwhelming majority of the adjournments in this matter since it
was commenced on March 30, 2018 resulted from the absence of defendant due to unrelated
court appearances in another county, motion practice, or the request or consent of defendant
through defense counsel, rendering them excludable for purposes of statutory speedy trial
calculations (see CPL 30.30 [4] [a] ["delay resulting from other proceedings concerning
the defendant" and "pre-trial motions" excluded]; 30.30 [4] [b] [adjournments "granted by the
court at the request of, or with the consent of, the defendant or his counsel" excluded]).
Consequently, defendant's claim that the original defense counsel was ineffective for failing to
raise these same facial insufficiency and statutory speedy trial claims before the Justice Court
also must fail (see People v Taylor,
60 AD3d 708, 709 [2009] ["The defendant was not denied the effective assistance of counsel
simply because his attorney failed to make a motion . . . [that] would have had 'little or no chance
of success' "], quoting People v
Stultz, 2 NY3d 277, 287 [2004]).
Defendant also claims that his plea colloquy was defective because the court failed to elicit
defendant's admission to violating every element of the crime to which he pleaded guilty.
However, the Court of Appeals has "never held that a plea is effective only if a defendant
acknowledges committing every element of the pleaded-to offense, or provides a factual
exposition for each element" thereof (People v Seeber, 4 NY3d 780, 781 [2005] [citation omitted].
Rather, "[b]ecause nothing that defendant said or failed to say in [his plea] allocution negated any
element of the offense to which []he pleaded or otherwise called into question [his] admitted
guilt or the voluntariness of [his] plea" (id. [citation omitted]), there exists no factual or
legal basis in the instant case to permit plea withdrawal.
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., ADAMS and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 31, 2020